The Honorable Gordon Webb, Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, Arkansas 72602
Dear Mr. Webb:
This opinion is issued in response to your recent question regarding conservation easements. You have asked:
 Does the grant of a conservation easement under A.C.A. § 15-20-401 et seq. constitute a sale or conveyance of property as contemplated by A.C.A. § 14-16-105, thereby requiring compliance with the provisions of A.C.A. § 14-16-105 prior to the granting of the conservation easement?
It is my opinion that a grant of a conservation easement under A.C.A. §15-20-401 can constitute a sale or conveyance of property as contemplated by A.C.A. § 14-16-105, and if so, it must comply with the requirements of that statute.
A.C.A. § 14-16-105 sets forth a procedure, including the obtaining of bids, to be followed by the county courts in executing sales and conveyances of real and personal property. As an initial matter, I must note that this office has taken the position that the provisions of A.C.A. § 14-16-105 govern sales only, and not other types of property transactions, such as leases. See, e.g., Op. Att'y Gen. No. 94-264. Therefore, in order for the granting of a conservation easement under A.C.A. § 15-20-401 et seq. to come within the provisions of A.C.A. §14-16-105, it must be a sale of the easement, and not simply a lease. That is, the bidding and other procedural requirements of A.C.A. §14-16-105 must be complied with only in connection with the sale of a conservation easement, and not in connection with the lease of such an easement. Whether a particular conveyance of a conservation easement constitutes a sale or a lease is a factual question that will depend upon the particularities of the transaction, e.g., the provisions of the document or instrument by which the easement was conveyed. If those particularities indicate that the conveyance is, in fact, a "sale," the transaction must comply with A.C.A. § 14-16-105.
Your question gives rise to two other issues that must be addressed. First, the sale of a conservation easement will be governed by A.C.A. §14-16-105 only if the easement constitutes an interest in real property. In addition, the sale will be governed by A.C.A. § 14-16-105 only if that statute applies to sales of property interests that are mere encumbrances.
Whether the Easement is an Interest in Real Property
A.C.A. § 14-16-105 authorizes county courts to "sell and cause to be conveyed any real estate or personal property belonging to the county." (Emphasis added.) Therefore, in order to come within the provisions of A.C.A. § 14-16-105, the property being sold or conveyed must be either real or personal property.
Conservation easements, by definition, are interests in real property. A.C.A. § 15-20-402 defines a conservation easement as follows:
 "Conservation easement" means a nonpossessory interest of a holder in real property imposing limitations or affirmative obligations, the purposes of which include retaining or protecting natural, scenic, or open-space values of real property; assuring its availability for agricultural, forest, recreational, or open-space use; protecting natural resources; maintaining or enhancing air or water quality; or preserving the historical, architectural, archeological, or cultural aspects of real property. . . .
A.C.A. § 15-20-402 (emphasis added).
The Applicability of A.C.A. § 14-16-105 to Sales of Mere Encumbrances
A related issue that is central to your question is whether the sales procedures provisions of A.C.A. § 14-16-105 et seq. apply to a sale or conveyance of an interest in real property that is less than fee simple, such as a mere encumbrance of property (an example of which is an easement). It is my opinion that these provisions do apply to sales and conveyances of encumbrances of property.
The terms "sell," "sale," "convey," and "conveyance," as used in A.C.A. § 14-16-105, are not defined in the statute. In the absence of a stated definition (and where there is no ambiguity), it is appropriate to give the words of a statute their commonly understood meanings. Ark. Dept. ofHuman Serv. v. Wilson, 323 Ark. 151, 913 S.W.2d 783 (1996); Caplenger v.Bluebonnet Mill. Co., 322 Ark. 751, 911 S.W.2d 586 (1995). Black's Law Dictionary defines sales and conveyances of real property to include encumbrances of real property. Because an easement is an encumbrance of real property, I conclude that the sale or conveyance of an easement is governed by A.C.A. § 14-16-105 and must comply with the requirements of that statute.
I therefore conclude that because conservation easements are interests in real property, and because A.C.A. § 14-16-105 contemplates the inclusion of conveyances of encumbrances such as easements, a conveyance of a conservation easement must be governed by A.C.A. § 14-16-105 if that conveyance constitutes a "sale."
Exceptions to the Requirements of A.C.A. § 14-16-105
Finally, I call your attention to the fact that the provisions of A.C.A. § 14-16-105 set forth certain exceptions to the general requirements. It is possible that a county's sale of a conservation easement, although generally governed by A.C.A. § 14-16-105, may fall within one of the exceptions.
I have identified two exceptions that have any possibility of being pertinent to conservation easements.
The first such possible exception is the value limitation exception, under which property valued at less than $500.00, while it must be sold for at least three-fourths of its appraised value, can be sold either at a public or private sale, and is not subject to the bidding requirements that are applicable to property valued in excess of $500.00.
The second possible exception is that which is set forth in A.C.A. §14-16-107, which provides that county real property that is dedicated for the benefit of "any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations including, but not limited to, medical clinics" can be sold to any buyer without the necessity of soliciting for competitive bids (if the sale is approved by the county judge and a two-thirds vote of the quorum court).[1] For a discussion of the application of this exception, see Op. Att'y Gen. No. 92-022.
Therefore, if the conservation easement in question meets the description of either of these exceptions, the sale of that easement can be conducted without the necessity of complying with the strictures of A.C.A. §14-16-105.
Generally, however, it is my opinion that the sale of a conservation easement is subject to the requirements of A.C.A. § 14-16-105.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that A.C.A. § 14-16-107 does not state a price requirement. It is therefore unclear whether or not a sale conducted pursuant to the provisions of A.C.A. § 14-16-107 must comply with the price requirement stated in § 105. That is, it is unclear whether or not such property must be sold for no less than three-fourths of its appraised value. The courts have not addressed this question. I have previously opined that the sufficiency of the consideration for a sale of county property is a question of fact. See, e.g., Ops. Att'y Gen. Nos.94-168, 93-211, and 92-022. I have not previously addressed the issue of the applicability of the price requirements of A.C.A. § 14-16-105 to sales conducted pursuant to A.C.A. § 14-16-107.